UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY SMITH and
KIMBERLY SMITH,

    Plaintiffs,                                    Case No. 15-cv-11558
                                                Hon. Matthew F. Leitman

v.

US BANK NATIONAL ASSOCIATION,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (ECF #3)

On April 29, 2015, Plaintiffs Timothy Smith and Kimberly Smith (collectively, the "Smiths") filed a Complaint in this Court against Defendant US Bank National Association, as Trustee of the Bank of America Funding Corporation (BAFC) 2007-4 ("US Bank") (the "Complaint"). (*See* ECF #1.) The Smiths allege in the Complaint that they "had financial difficulties prior to May 2013" and had "extensive discussions" with US Bank regarding "a mortgage modification for several months leading up to May 2013." (Compl. at ¶¶ 14-15.) According to the Smiths, "[w]hile these modification discussions were taking place," US Bank filed a judicial foreclosure action in Michigan state court, the state court entered a judgment of foreclosure, and US Bank foreclosed on their

1

home. (*Id.* at ¶¶ 18-22.) The Smiths now ask this Court to set aside the foreclosure.

US Bank filed a motion to dismiss the Smiths' Complaint, or, in the alternative, for summary judgment on the Smiths' claims, on May 26, 2015 (the "Motion to Dismiss"). (*See* ECF #3.) US Bank first argued that the *Rooker-Feldman* doctrine barred the Smiths' claims. "The *Rooker-Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal citation marks omitted). The doctrine therefore bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005). US Bank explains that on April 24, 2014, Livingston County Circuit Court Judge Michael P. Hatty granted it a judgment of foreclosure with respect to the Smiths' home mortgage. (*See* ECF #3-4.) Pursuant to that judgment, the Livingston County Sherriff sold the Smiths' property at a foreclosure sale on October 29, 2014. (*See* ECF #3-5.) Judge Hatty thereafter entered an order in the state circuit court confirming the sale of the Smiths' property on March 26, 2015. (*See* ECF #3-6.) Each of these actions took place

before the Smiths filed their Complaint in this Court seeking to set aside the foreclosure. (*See* ECF #1.)

In their response opposing the Motion to Dismiss, the Smiths never mentioned the *Rooker-Feldman* doctrine, nor made any effort to counter US Bank's showing that the doctrine barred their claims here. And at oral argument, when the Court asked the Smiths' counsel for his response to US Bank's *Rooker-Feldman* argument, counsel stated only that principles of equity should prevent the Court from applying the doctrine in US Bank's favor. But counsel could not cite any authority to support the proposition that equity, standing alone, would allow the Court to ignore the *Rooker-Feldman* doctrine, and he provided no other basis to reject US Bank's argument that the doctrine applies with full force here.

In this case, a state court granted a judgment of foreclosure *and* entered an order confirming the sale of the Smiths' home before the Smiths ever filed this action seeking to set the foreclosure aside. Thus, this is a "classic case for application of the *Rooker–Feldman* doctrine." *Colbert v. Federal Nat. Mortg. Ass'n*, 12-cv-13844, 2013 WL 1629305, at *7 (E.D. Mich. Apr. 16, 2013) (dismissing claims "relating to the foreclosure process and eviction proceedings and seeking return of [] [p]roperty" because "[g]ranting this relief would require the Court to reverse the state court's judgment").

The Court concludes that the *Rooker-Feldman* doctrine bars the claims that the Smiths have brought against US Bank in this action.  Therefore, for the reasons stated above, **IT IS HEREBY ORDERED** that US Bank's Motion to Dismiss (ECF #3) is **GRANTED**.

        s/Matthew F. Leitman
        MATTHEW F. LEITMAN
        UNITED STATES DISTRICT JUDGE

Dated:  September 1, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 1, 2015, by electronic means and/or ordinary mail.

        s/Holly A. Monda
        Case Manager
        (313) 234-5113